IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MICHELLE LEA ZAMORA,** § | |
| *Plaintiff* § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 5:23-cv-00357-XR |
| § | |
| **THIRD COAST BANK SSB,** § | |
| *Defendant*. § | |

**DEFENDANT'S FIRST AMENDED ANSWER AND COUNTERCLAIM**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and Local Rule CV-15b, Defendant Third Coast Bank SSB ("TCB" or "Defendant") files this First Amended Answer to Plaintiff Michelle Lea Zamora's ("Zamora" or "Plaintiff") First Amended Original Petition and Jury Demand (the "Complaint").

**I.    PARTIES AND SERVICE**

1.    TCB admits the allegations contained in Paragraph 1 of the Complaint.

2.    TCB admits the allegations contained in Paragraph 2 of the Complaint.

**II.    JURISDICTION AND VENUE**

3.    TCB denies that the alleged state court jurisdictional and venue provisions are applicable because the state court action was removed to this Court, which has proper jurisdiction and venue, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446(a).

**III.    NATURE OF ACTION**

4.    TCB admits that, in Paragraph 4 of the Complaint, Plaintiff asserts claims for race and sex discrimination and retaliation pursuant to Chapter 21 of the Texas Labor Code and 42 U.S.C. § 1981. TCB denies the remaining allegations in Paragraph 4 of the Complaint.

## IV.  CONDITIONS PRECEDENT

5. TCB admits that, on October 20, 2021, Plaintiff filed a Charge of Discrimination with the Texas Workforce Commission in which she asserted allegations of race and sex discrimination and retaliation. TCB further admits that the Texas Workforce Commission issued a Notice of Dismissal and Right to File Civil Action on July 13, 2022. TCB denies the remaining allegations in Paragraph 5 of the Complaint.

## V.  FACTS

6. TCB admits that Plaintiff contacted HR Director, Kim Zabin, on September 22, 2021 to make a generalized complaint, but denies that Plaintiff made a complaint "for Gender and Race Discrimination." TCB admits that Plaintiff identifies as hispanic and female, and she was employed by Third Coast Bank. Further, TCB admits that Kim Zabin said, at the end of a thirty-minute pre-scheduled call with Plaintiff, that "we'll have to set up another call" and, therefore, both agreed to continue the conversation as soon as possible, but Plaintiff failed to cooperate with getting another meeting set up. TCB admits that the PIP, which had already been drafted but was not finalized, was not a topic discussed on the September 22, 2021 call with Plaintiff. TCB denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. TCB admits that, on a second call, Plaintiff told Kim Zabin about a meeting that Plaintiff missed with a prospective client and expressed her subjective belief regarding not receiving leads, but TCB denies the remaining allegations in Paragraph 7 of the Complaint.

8. TCB denies that there was a "third conversation" as alleged in Paragraph 8 of the Complaint, but TCB admits that Plaintiff complained about her performance improvement plan ("PIP"). TCB denies the remaining allegations in Paragraph 8 of the Complaint.

9. TCB admits that Plaintiff complained about her PIP, but TCB denies the remaining allegations in Paragraph 9 of the Complaint.

## VI. RACE DISCRIMINATION UNDER THE TEXAS LABOR CODE AND 42 U.S.C. § 1981

10. The allegations in Paragraph 10 of the Complaint are descriptive in nature and do not require a responsive pleading. To the extent a responsive pleading is required, TCB denies the allegations contained in Paragraph 10 of the Complaint.

11. TCB denies the allegations contained in Paragraph 11 of the Complaint.

12. TCB denies the allegations contained in Paragraph 12 of the Complaint

13. TCB denies the allegations contained in Paragraph 13 of the Complaint

14. TCB denies the allegations contained in Paragraph 14 of the Complaint

## VII. SEX DISCRIMINATION UNDER CH. 21 OF TEXAS LABOR CODE

15. The allegations in Paragraph 15 of the Complaint are descriptive in nature and do not require a responsive pleading. To the extent a responsive pleading is required, TCB denies the allegations contained in Paragraph 15 of the Complaint.

16. TCB denies the allegations contained in Paragraph 16 of the Complaint.

17. TCB denies the allegations contained in Paragraph 17 of the Complaint.

18. TCB denies the allegations contained in Paragraph 18 of the Complaint.

## VIII. RETALIATION UNDER § 21.055 OF THE TEXAS LABOR CODE AND 42 U.S.C. § 1981

19. The allegations in Paragraph 19 of the Complaint are descriptive in nature and do not require a responsive pleading. To the extent a responsive pleading is required, TCB denies the allegations contained in Paragraph 19 of the Complaint.

20. TCB denies the allegations contained in Paragraph 20 of the Complaint.

## IX. DAMAGES

21. TCB denies that Plaintiff is entitled to any of the alleged damages, fees, and other relief sought in Paragraph 21 (a)-(d) of the Complaint.

22. TCB denies that the alleged state court jurisdictional damages provision is applicable because the state court action was removed to this Court. TCB admits that Plaintiff seeks, but denies she is entitled to, the relief alleged in Paragraph 22 of the Complaint.

## X. JURY DEMAND

23. TCB admits that Plaintiff demands a trial by jury

## XI. DEFENDANT THIRD COAST BANK SSB'S AFFIRMATIVE AND OTHER DEFENSES

24. TCB asserts the following affirmative and other defenses. By setting forth these defenses, TCB does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff, nor does TCB admit any allegation in the Complaint except as otherwise expressly indicated above.

25. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations due to Plaintiff's failure to meet the legal requirements for timely service of her claims under the Texas Labor Code.

26. Plaintiff was an at-will employee and could be terminated for any lawful reason or no reason at all, with or without cause.

27. Plaintiff cannot establish a prima facie case of discrimination based on her sex or race.

28. Plaintiff cannot establish a prima facie case of retaliation.

29. Plaintiff did not engage in activity protected under 42 U.S.C. § 1981 or the Texas Labor Code.

30. Plaintiff did not suffer an adverse action consisting of an ultimate employment decision by TCB, as required for claims brought under 42 U.S.C. § 1981 and the Texas Labor Code.

31. Plaintiff did not suffer a materially adverse action taken by TCB, as required for retaliation claims.

32. Plaintiff cannot establish that she suffered working conditions at TCB that were so intolerable that a reasonable employee would have felt compelled to resign, as required for her resignation to amount to a constructive discharge.

33. Plaintiff cannot establish any aggravating factors to support a claim based on constructive discharge.

34. Plaintiff's race and/or alleged protected activity was not the "but for" cause of any ultimate adverse action, as required for claims brought under 42 U.S.C. § 1981.

35. Plaintiff cannot establish a causal connection between her sex, race, or any protected activity and any adverse employment action taken by TCB.

36. All actions taken by TCB with respect to Plaintiff's employment were for legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons.

37. Plaintiff suffered no actual injuries and/or damages proximately caused by any allegedly unlawful conduct by TCB.

38. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches in that she has inexcusably and unreasonably delayed service of this action on TCB.

39. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

40. Plaintiff's claims are limited to the extent she has failed to reasonably mitigate her alleged damages. In addition, any alleged damages must be offset by interim earnings and any other pay and/or benefits received, as permitted or required by law.

41. Plaintiff's claims are barred, in whole or in part, because TCB did not engage in any action against her with malice or reckless indifference to Plaintiff's protected rights. Therefore, Plaintiff is not entitled to punitive damages.

42. Plaintiff's alleged damages, if any, must be offset by a pro rata share of the sign-on bonus Plaintiff received because she resigned from employment in less than one year and was required to repay a pro rata share pursuant to the terms of a written agreement between plaintiff and TCB, attached hereto as **Exhibit A**.

43. TCB reserves the right to assert any and all additional defenses and affirmative defenses as may be determined necessary.

## XII.   TCB'S COUNTERCLAIM FOR BREACH OF CONTRACT

44. The Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367 because this claim—which involves certain terms of Plaintiff's employment with TCB and her separation therefrom—is so related to Plaintiff's claims, over which the Court has original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

45. TCB provided Plaintiff with a written offer of employment dated January 12, 2021, in which TCB agreed to pay Plaintiff a $10,000 sign-on bonus, provided that Plaintiff repay a pro rata share of the amount of the bonus if she left her employment with TCB after less than a year. *See* **Exhibit A**, attached hereto.

46. On January 12, 2021, Plaintiff accepted, signed and provided to TCB an executed copy of the terms of TCB's offer of employment (the "Agreement"). Plaintiff's employment with TCB commenced on or about February 8, 2021. Plaintiff voluntarily resigned her employment with TCB on October 15, 2021, a little over eight months after she was hired and well within the one-year period applicable to trigger her obligation to repay a pro rata share of the sign-on bonus. Because there were approximately four months remaining in the first year of her employment at the time she resigned, Plaintiff owed TCB approximately one-third of the $10,000 bonus as of October 15, 2021.

47. The Agreement is a valid and enforceable contract between TCB and Plaintiff.

48. TCB has performed all conditions precedent required of it pursuant to the Agreement, including performing under the Agreement and paying Plaintiff the $10,000 bonus.

49. Plaintiff is in breach of the Agreement by failing to repay the pro rata amount of the bonus that she owes to TCB under the Agreement.

50. As a direct and proximate result of Plaintiff's breach, TCB has and will continue to suffer monetary damages in this amount plus prejudgment interest.

51. In addition, TCB is represented by the undersigned counsel in the prosecution of this counterclaim to recover the money Plaintiff owes under the Agreement. Pursuant to Chapter 38.002 of the Texas Civil Practice and Remedies Code, TCB presented this counterclaim to Plaintiff, through counsel, via written demand letter (the "Demand"). To the extent that Plaintiff fails, within 30 days of the Demand, to tender payment for the just amount owed under the Agreement, TCB is entitled to and hereby seeks to recover its reasonable and necessary attorneys' fees incurred in the prosecution of this counterclaim.

52. TCB further seeks all relief allowed under the law and which the Court deems appropriate.

### XIII.   ATTORNEYS' FEES

53. TCB is entitled to and seeks its attorneys' fees as the prevailing party under the Texas Labor Code § 21.259 and 42 U.S.C. §§ 1981, 1988(b)-(c).

54. TCB is entitled to and seeks its attorneys' for its counterclaim under Chapter 38 of the Texas Civil Practice and Remedies Code.

### PRAYER

WHEREFORE, having fully answered, Defendant Third Coast Bank SSB prays that Plaintiff Michelle Lea Zamora's First Amended Original Petition and Jury Demand be dismissed with prejudice with no recovery to Plaintiff, that the Court award TCB actual damages for Plaintiff's breach of contract, that the Court award TCB its costs and attorneys' fees incurred in prosecuting the breach of contract claim, that the Court award TCB its costs and attorneys' fees incurred in defending Plaintiff's claims, and that the Court grant such other and further relief in favor of TCB as it deems just and proper.

Respectfully submitted,

**FOLEY & LARDNER LLP**

By: <u>*/s/ Cristina Portela Solomon*</u>
    Cristina Portela Solomon
    State Bar No. 16143400
    Federal ID No. 6089
    csolomon@foley.com
    Taylor Appling
    State Bar No. 24092628
    Federal ID No. 2513904
    tappling@foley.com

    1000 Louisiana, Suite 2000
    Houston, Texas 77002-5007
    Telephone: 713-276-5500
    Facsimile: 713-276-5555

**ATTORNEYS FOR DEFENDANT
THIRD COAST BANK SSB**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served by electronic-mail to all counsel of record listed below on this 14th day of April, 2023.

>Dennis L. Richard
>Law Offices of Dennis L. Richard
>14255 Blanco Road
>San Antonio, Texas 78216
>dennislrichardlaw@gmail.com

>/s/ Taylor Appling
>Taylor Appling

4854-2563-1069.1